# EXHIBIT 1



20939722

SUM-100

# AMENDED SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

TICKETMASTER LLC, and DOES 1-10, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

MAHMOUD AMERI, and ERIN OUBORG, each individually and on behalf of all others similarly situated,

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

**FILED**
**ALAMEDA COUNTY**

APR 11 2019

CLERK OF THE SUPERIOR COURT
By_____, Deputy

---

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*  ALAMEDA SUPERIOR COURT
1225 Fallon Street
Oakland, California 94612

CASE NUMBER:
*(Número del Caso):*
RG18922688

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Hallie Von Rock, Aiman-Smith & Marcy, 7677 Oakport St., Ste. 1150, Oakland, CA 94621  510/817-2711

DATE: **APR 11 2019**   **Chad Finke** Clerk, by _____, Deputy
*(Fecha)*                                    *(Secretario)*                                  *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons *(form POS-010).*)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)            ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courtinfo.ca.gov*

1 | **AIMAN-SMITH & MARCY**
PROFESSIONAL CORPORATION
2 | Randall B. Aiman-Smith #124599
Reed W.L. Marcy #191531
3 | Hallie Von Rock #233152
Carey A. James #269270
4 | Brent A. Robinson #289373
7677 Oakport St. Suite 1150
5 | Oakland, CA 94621
T 510.817.2711
6 | F 510.562.6830
ras@asmlawyers.com
7 | rwlm@asmlawyers.com
hvr@asmlawyers.com
8 | caj@asmlawyers.com
bar@asmlawyers.com
9
10 | Attorneys for Plaintiffs

**FILED**
**ALAMEDA COUNTY**

APR 11 2019

CLERK OF THE SUPERIOR COURT
By _____
Deputy

IN THE SUPERIOR COURT OF CALIFORNIA

IN AND FOR THE COUNTY OF ALAMEDA

| | |
|---|---|
| MAHMOUD AMERI, and ERIN OUBORG, each individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>TICKETMASTER LLC, and DOES 1-10, inclusive,<br><br>Defendants. | Case No.: RG18922688<br><br>**FIRST AMENDED CLASS ACTION COMPLAINT FOR:**<br><br>1. Per se Violation of the Cartwright Act (Business and Professions Code § 16720, *et seq.*)<br><br>2. Violation of the Cartwright Act Under the Rule of Reason (Business and Professions Code § 16720, *et seq.*)<br><br>3. Violation of California Penal Code § 496<br><br>4. Unfair Business Practices (Business and Professions Code § 17200, *et seq.*)<br><br>5. Injunction (Business and Professions Code § 17200, *et seq.*)<br><br>**CLASS ACTION**<br><br>**DEMAND FOR JURY TRIAL** |

First Amended Class Action Complaint
*Ameri, et al. v. Ticketmaster LLC, et al.*

Case No. RG18922688

Mahmoud Ameri ("Plaintiff Ameri") and Erin Ouborg ("Plaintiff" or "Plaintiff Ouborg") are informed and believe and thereupon allege the following:

## I. INTRODUCTION

1. This is a class action seeking redress for violations of California law by defendant Ticketmaster LLC ("Ticketmaster" or "Defendant"). Ticketmaster systematically orchestrates and facilitates the bulk sales of tickets on its website to professional resellers and the immediate resale of these same tickets, at inflated prices, on Ticketmaster's secondary exchanges. By doing so, Ticketmaster receives double commissions for each ticket – first on the sale of tickets to resellers, and then on the resale of the same tickets on secondary exchanges.

2. To obtain these double commissions, Ticketmaster provides sophisticated, proprietary computer programs to resellers that allow the automated purchase and resale of tickets in massive quantities. Working in tandem, Ticketmaster and participating resellers artificially inflate ticket prices for millions of consumers and leverage Ticketmaster's dominance of the primary ticket market to suppress and prevent competition in the secondary market.

3. By engaging in this conduct, Ticketmaster violates California law, including the Cartwright Act (Business and Professions Code § 16720), California Penal Code § 496, and California's Unfair Competition Law (Business and Professions Code § 17200, *et seq.*).

4. Plaintiff brings this action, individually and as a class action under California Code of Civil Procedure § 382. The claims asserted herein are brought by Plaintiff in her capacity as class action representative on behalf of all similarly situated persons (the "Class").

5. The Class consists of all persons with California addresses who, during the Class Period, purchased tickets on a Ticketmaster secondary ticket exchange that were first offered by and/or through Ticketmaster.

6. The Class Period is designated as the period from 4 years prior to the filing of this action through the trial date.

7. Plaintiff and the Class have been injured by Ticketmaster's conduct as alleged

*First Amended Class Action Complaint*
*Ameri, et al. v. Ticketmaster LLC, et al.*
Page 1

Case No. RG18922688

herein and seek damages, injunctive relief, penalties, interest, attorney's fees, and costs, all under California law.

8. All violations of law described herein have been ongoing for at least four years, are continuing at present, and will continue unless and until enjoined by this Court.

9. Ticketmaster knowingly and intentionally engaged in the conduct complained of herein and acted as alleged herein in willful and knowing violation of the law.

## II. PARTIES

10. Defendant Ticketmaster LLC is a Limited Liability Company incorporated in Virginia with its headquarters and principal place of business in Beverly Hills, California.

11. Plaintiff Ameri is an individual and a resident of Alameda County, California. On June 16, 2017, while physically located in Fremont, California, Plaintiff Ameri used Ticketmaster's ticketing website to purchase tickets to the International Champions Cup soccer match between Real Madrid and Manchester United, to be held the following month in Santa Clara. Mr Ameri paid a total of $292.75 for those tickets, inclusive of fees and taxes.

12. Plaintiff Ouborg is an individual and resident of Alameda County, California. On January 16, 2019, Plaintiff Ouborg used Ticketmaster's ticketing website to purchase Ticketmaster verified resale tickets to the Golden State Warriors basketball game that took place at the Oracle Arena on February 10, 2019 in Oakland California. Plaintiff Ouborg paid $214.36 for those tickets, inclusive of $15.18 per ticket in service fees.

13. Plaintiff is ignorant of the true names or capacities of defendants named herein as Does 1 through 10, inclusive, and therefore sues these defendants by these fictitious names. When the names and capacities of these defendants are ascertained, Plaintiff will amend this complaint accordingly. Each of the defendants named herein or designated as a Doe is liable or in some manner legally responsible for the events alleged herein.

## III. JURISDICTION AND VENUE

14. This Court has subject matter jurisdiction of this action under California Code of Civil Procedure § 410.10 and the California Constitution, Article VI, § 10. This Court, and not the United States District Court, has subject matter jurisdiction of this class action because


Ticketmaster's corporate headquarters are located in California, and Ticketmaster is therefore a citizen of California, as defined by 28 U.S.C. § 1332(c)(1). Plaintiff's claims fall within 28 U.S.C. §§ 1332(d)(4)(A) and (B), exceptions to the Class Action Fairness Act, because two-thirds or more of the members of the Plaintiff Class are citizens of the State of California, Ticketmaster is a citizen of California, the injuries complained of in this action occurred in California, and no other class action in California asserting the same factual allegations has been filed against Ticketmaster in the preceding three years.

15. This Court has specific and general personal jurisdiction over Ticketmaster because Ticketmaster is a citizen of California, has significant contacts with California by virtue of its extensive business operations in California, and has purposefully availed itself of the privileges and immunities of conducting business in California; and because Ticketmaster's affiliations with the State of California are sufficiently continuous and systematic to render Ticketmaster essentially at home in this state in that Ticketmaster has its principal place of business in California.

16. Venue is proper in the County of Alameda pursuant to California Code of Civil Procedure §§ 395 and 395.5 because a substantial portion of the acts or omissions giving rise to the liability alleged herein occurred in the County of Alameda.

## IV. GENERAL ALLEGATIONS

17. Tickets to live events such as concerts and sporting activities are generally sold in two markets: the primary market, wherein tickets are initially sold to consumers, and the secondary market, wherein tickets originally purchased in the primary market are resold, usually for higher prices.

18. Ticketmaster sells tickets primarily through its website, Ticketmaster.com. With a market share of more than 80 percent, Ticketmaster dominates the primary market for tickets. Persons who purchase tickets in the primary market and resell those tickets in the secondary market have traditionally been called "scalpers." Historically, scalpers have frequently operated by rather primitive means. An individual scalper might, for example, purchase a handful of tickets to a concert, then stand outside the concert to sell the tickets to individual

1  concert goers. In recent years, however, the scalping industry has become increasingly
2  sophisticated, with resellers, for example, using software applications called "bots" that
3  purchase tickets in bulk by automated means. These tickets are then resold on the internet.
4  This process drives up the price of tickets, making live events more expensive for consumers.

19. Publicly, Ticketmaster vehemently denounces scalpers as harmful to consumers and purports to prohibit bulk purchases and the use of bots. In reality, however, Ticketmaster actively solicits bulk purchases from large resellers, partners with these resellers, enters into agreements and contracts with these resellers, provides computer programs and support for the automated resale of tickets at inflated prices, and reaps tremendous profits from these practices. Ticketmaster allows and encourages professional resellers to use fake identities and automated technologies – some of which are purportedly banned by Ticketmaster's terms of service – to buy tickets in bulk from Ticketmaster.com for immediate resale on Ticketmaster's website. This process is facilitated by "TradeDesk," a computerized system secretly created by Ticketmaster for professional scalpers. TradeDesk enables scalpers to instantaneously resell tickets on Ticketmaster's website, with Ticketmaster colleting a fee for both sales. The existence of TradeDesk is not disclosed to consumers, nor is Ticketmaster's coordinated activity with large-scale, professional resellers.

20. By its seamless coordination with large resellers and its domination of the primary ticket market, Ticketmaster suppresses and prevents competition from other participants in the secondary ticket market, artificially manipulates supply and demand, leverages its position in the primary market to extend itself into the secondary market, and increases the prices of tickets for consumers on a massive scale. This conduct unreasonably restrains trade in the market for tickets in California by artificially removing tickets from the primary market for sale at higher prices on the secondary market, thus denying consumers access to tickets in the primary market and requiring their purchase at inflated prices in the secondary market. By engaging in this anticompetitive conduct, Ticketmaster has generated billions of dollars of revenue for itself at the expense of consumers. Ticketmaster protects this revenue and its anticompetitive position by selectively enforcing its prohibition on automated

technologies and fake accounts against resellers who do not participate in its scheme and who sell tickets on secondary exchanges not controlled by Ticketmaster. Moreover, Ticketmaster uses its monopoly power in the primary ticket market to improperly exclude competition in the secondary market by contracts with ticket suppliers and venues that require purchasers in the primary to use only Ticketmaster exchanges for resale.

21. Plaintiff has been injured in fact and has lost money and property as a result of Ticketmaster's practices, and brings her claim for public injunctive relief to prevent further harm to the public at large, which continues to face and suffer harm as a result of Ticketmaster's widespread unlawful activity. Plaintiff seeks preliminary and permanent injunctions to prohibit the Ticketmaster's ongoing unlawful acts, which threaten future deception of, and injury to, the public.

22. Plaintiff's claims are timely, and, additionally, facts indicating that Ticketmaster was engaging in the misconduct alleged herein were actively concealed by Ticketmaster.

## V. CLASS ACTION ALLEGATIONS

23. This class action is brought on behalf of: All persons with California addresses who, during the Class Period, purchased tickets on a Ticketmaster secondary ticket exchange that were first offered by and/or through Ticketmaster.

24. The claims alleged herein may properly be maintained as a class action pursuant to California Code of Civil Procedure § 382 because there is a well-defined community of interest among ascertainable class members with regard to the claims asserted in this action.

25. The total number of members of the Class is believed to be in excess of 50,000 persons. Accordingly, joinder of all members of the Class would be impractical.

26. Questions of law and fact common to Plaintiff and the Class predominate over questions of law and fact affecting only individual members of the Class. These common questions of law and fact include, but are not limited to, the following:

    (a) Whether Ticketmaster facilitates and participates in the automated purchase and resale of tickets by resellers to increase the price of tickets;

    (b) Whether Ticketmaster prevents competition in the secondary ticket market

by exploiting its monopoly position in the primary ticket market;

(c) Whether, by engaging in the conduct alleged herein, Ticketmaster makes and enters into agreements to unite interests to affect the price of tickets sold in the secondary market;

(d) Whether Ticketmaster's actions as described herein constitute receipt of stolen property in violation of California Penal Code section 496;

(e) Whether Ticketmaster's actions as described herein constitute violations of California Business and Professions Code § 17200, *et seq.*;

(f) The proper formula for calculating damages and restitution owed to Plaintiff and Class Members;

(g) Whether Ticketmaster will, unless enjoined, continue the practices alleged herein; and

(h) The terms and conditions of the injunction to be issued against Ticketmaster.

27. The identities of the members of the Class are ascertainable from available records maintained by Ticketmaster or by third parties.

28. Plaintiff's claims are typical of the claims of the Class because Plaintiff was subjected to the unlawful practices alleged herein common to the Class. Ticketmaster's common course of conduct has caused Plaintiff and the Class to sustain the same or substantially similar injuries and damages caused by the same practices of Ticketmaster, and Plaintiff's claims are, therefore, representative of the claims of Plaintiff Class.

29. Plaintiff has no conflict of interest with any other members of Class, and Plaintiff will vigorously prosecute this case on behalf of Class.

30. Counsel who represent Plaintiff are competent and experienced in litigating complex actions. Plaintiff and her counsel will fairly and adequately represent and protect the interests of the members of the Class.

/ / /

/ / /

## VI. CAUSES OF ACTION

**FIRST CAUSE OF ACTION**
**Per Se Violation of the Cartwright Act**
**(California Business & Professions Code § 16720)**

31. Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

32. As alleged herein, Ticketmaster by and through its officers, directors, employees, agents, or representatives, entered into and engaged in an unlawful contract, combination, and conspiracy in restraint of trade and commerce and to affect the price of articles in trade, and acted in a combination of capital, skills, and/or acts to increase the price of merchandise, in violation of the Cartwright Act, California Business and Professions Code § 16720.

33. Plaintiff and the members of the Class are proper entities to bring a case concerning this conduct.

34. Ticketmaster's activities as alleged herein are per se violations of the Cartwright Act, California Business and Professions Code § 16720.

35. Plaintiff and the Class have suffered antitrust injury and have been injured in their business and property as a result of Ticketmaster's unlawful acts as herein alleged.

36. Plaintiff seeks damages according to proof, which damages shall be automatically trebled pursuant to the Cartwright Act, California Business and Professions Code § 16750(a).

37. Further, Plaintiff seeks an injunction against further wrongful acts of Ticketmaster pursuant to the Cartwright Act, California Business and Professions Code § 16750(a).

38. Plaintiff is automatically entitled to reasonable attorney's fees pursuant to the Cartwright Act, California Business and Professions Code § 16750(a).

39. Plaintiff is automatically entitled to costs of suit pursuant to the Cartwright Act, California Business and Professions Code § 16750(a).

/ / /

/ / /

## SECOND CAUSE OF ACTION
### Violation of the Cartwright Act Under the Rule of Reason
### (California Business & Professions Code § 16720)

40. Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

41. As alleged herein, Ticketmaster by and through its officers, directors, employees, agents, or representatives, entered into and engaged in an unlawful contract, combination, and conspiracy in restraint of trade and commerce and to affect the price of articles in trade, and acted in a combination of capital, skills, and/or acts to increase the price of merchandise, in violation of the Cartwright Act, California Business and Professions Code § 16720.

42. Plaintiff and the members of the Class are proper entities to bring a case concerning this conduct.

43. Ticketmaster's conduct as alleged herein unreasonably restrains trade and inflates prices in one or more of the relevant markets in violation of the Cartwright Act, California Business and Professions Code § 16720.

44. Plaintiff and the Class have suffered antitrust injury as a result of Ticketmaster's unlawful acts as herein alleged.

45. Plaintiff seeks damages according to proof, which damages shall be automatically trebled pursuant to the Cartwright Act, California Business and Professions Code § 16750(a).

46. Further, Plaintiff seeks an injunction against further wrongful acts of Ticketmaster pursuant to the Cartwright Act, California Business and Professions Code § 16750(a).

47. Plaintiff is automatically entitled to reasonable attorney's fees pursuant to the Cartwright Act, California Business and Professions Code § 16750(a).

48. Plaintiff is automatically entitled to costs of suit pursuant to the Cartwright Act, California Business and Professions Code § 16750(a).

/ / /

/ / /

# THIRD CAUSE OF ACTION
## Violation of the California Penal Code § 496

49. Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

50. Penal Code § 484 defines the crime of theft, and, as is relevant here, prohibits knowingly and designedly taking the money or property of another by false or fraudulent representations or pretenses.

51. A violation of Penal Code § 484 is established by evidence that a person made a false pretense or representation with the intent to defraud the owner of his property, and that the owner was thus deprived of his property.

52. Penal Code § 496(a) prohibits the concealing and selling of property known to have been obtained in any manner constituting theft.

53. Ticketmaster's Terms of Use and Purchase Policy each prohibit ticket purchasers from purchasing more than a limited number of tickets per event. This limit is known as the "ticket limit."

54. Ticketmaster's Terms of Use also prohibit users from impersonating others, and submitting content or information that is fraudulent.

55. Scalpers use manual or automatic means to purchase first-hand tickets via Ticketmaster in excess of the ticket limit, including by providing false information that includes the purchaser's name, email address, contact information, IP address, and other information.

56. By purchasing first-hand tickets in excess of the ticket limit and using falsified information, scalpers knowingly and designedly take the property of the original ticket seller by false or fraudulent representations or pretenses, in violation of Penal Code § 484.

57. Scalpers then sell those same tickets second-hand to consumers using Ticketmaster's fan-to-fan ticket marketplace, at prices normally far in excess of the price paid for the original ticket.

58. When scalpers submit tickets for sale on Ticketmaster's fan-to-fan ticket

marketplace, Ticketmaster acts as agent of the scalpers, and assumes dominion and control over the tickets while they remain offered for sale.

59. Ticketmaster knows or had reason to know that scalpers resell tickets purchased in excess of the ticket limit and by using falsified information.

60. Alternatively, Ticketmaster's principal business, or one of its principal businesses, is dealing in event tickets, which are personal property. Similarly, in facilitating the resale of second-hand tickets, Ticketmaster acts as the agent of scalpers, who are persons whose principal business is dealing in personal property. Pursuant to Penal Code § 496-496(b), Ticketmaster is accordingly subject to a duty to make reasonable inquiry into whether property listed for sale in its marketplace is stolen.

61. Ticketmaster fails to make a reasonable inquiry into whether property listed for sale in its marketplace is stolen, and is accordingly presumed to have knowledge that the tickets sold by scalpers in its marketplace are stolen.

62. Regardless of how Ticketmaster's knowledge is established, by knowingly aiding scalpers in reselling tickets that the scalpers purchased in excess of the ticket limit and using falsified information, Ticketmaster receives stolen property in violation of Penal Code § 496(a).

63. Ticketmaster's violations of Penal Code § 496, as alleged above, are a substantial factor in causing injury to Plaintiff and the other members of the Class.

64. As a result of Ticketmaster's violations of Penal Code § 496, Plaintiff and the other members of the Class have suffered harm that includes but is not limited to the increased price paid for event tickets, the loss of such additional amounts of money each would have received had he or she not been the victim of those violations, and the lost use-value of the money so deprived.

65. For those harms occurring within the Class Period, Plaintiff and the other members of the Class seek compensatory damages at three times the amount of the actual damages, prejudgment interest, reasonable attorneys' fees, and costs of suit, all pursuant to Penal Code §496 (c), and in an amount according to proof at trial.

## FOURTH CAUSE OF ACTION
## RESTITUTION - UNFAIR BUSINESS PRACTICES
## (CALIFORNIA BUSINESS & PROFESSIONS CODE § 17200, ET. SEQ.)

66. Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

67. Each violation of law by Ticketmaster as alleged herein constitutes a separate and distinct unfair and unlawful practice in violation of California Business & Professions Code § 17200, *et seq.*

68. As a direct and proximate result of Ticketmaster's conduct as alleged herein, Plaintiff and the Class have been injured in fact and have lost money and property, and Ticketmaster has been enriched by the retention of funds for reimbursement that are the property of Plaintiff and the Class.

69. Plaintiff and the Class are entitled to restitution of all amounts which Ticketmaster was obligated to provide to Plaintiff and the Class or which Ticketmaster unlawfully and unfairly obtained from Plaintiff and the Class. The total of these amounts can be proved with common evidence.

70. Plaintiff is additionally entitled to recovery of interest, costs, and attorney's fees as provided by California law.

## FIFTH CAUSE OF ACTION
### Injunction
## (California Business & Professions Code § 17200, *et seq.*)

71. Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

72. Each violation of California law by Ticketmaster as alleged herein constitutes a separate and distinct unlawful and unfair practice in violation of California Business & Professions Code § 17200, *et seq.*

73. Plaintiff and the Class have been harmed by Ticketmaster's unlawful and unfair practices as alleged herein.

74. Ticketmaster continues to engage in the unlawful and unfair practices alleged herein through the present day.

First Amended Class Action Complaint
*Ameri, et al. v. Ticketmaster LLC, et al.*
Page 11

Case No. RG18922688

75. Unless enjoined by this Court, Ticketmaster will continue to engage in the unlawful and unfair practices alleged herein.

76. Plaintiff is entitled to, and therefore requests, an injunction of this Court requiring that Ticketmaster permanently cease and desist from engaging in the unlawful and unfair practices alleged herein, and, further, that this Court make such orders as are necessary to monitor Ticketmaster's compliance with said injunction.

77. Plaintiff is entitled to costs and attorney's fees for pursuing the injunction requested herein.

## VII. PRAYER FOR RELIEF

Wherefore, Plaintiff, on behalf of herself and the Class, pray for relief as follows:

1. That the Court certify this action as a class action on behalf of the Class pursuant to California Code of Civil Procedure § 382;

2. That the Court designate Plaintiff as representative of the Class;

3. That the Court appoint the law firm Aiman-Smith & Marcy as Class counsel;

4. That the Court adjudge and decree that Ticketmaster's acts as herein alleged violate the Cartwright Act, California Business & Professions Code §16720, *et seq.*;

5. That Ticketmaster be ordered to pay all amounts owed to the Class arising out of the actions complained of herein, including penalties, interest, and costs;

6. That Ticketmaster, at its own expense, be ordered to provide full and adequate notice as required in class actions to all members of the Class;

7. That this action and the Class be further designated, respectively, as a representative action and a representative class under California Business & Professions Code § 17200, *et seq.*;

8. That Ticketmaster be ordered to make full restitution of all amounts received and/or retained and/or not paid to Plaintiff and the Class by Ticketmaster pursuant to California Business and Professions Code § 17200, *et seq.*;

9. That in addition to any constitutionally sufficient notice that is or might otherwise be required in a class action under California law, that Ticketmaster be ordered to

1 | pay for all necessary efforts to actually locate members of the representative class under Business and Professions Code § 17200, *et seq.*;

10. That this Court determine, and provide its declaratory judgment, that the practices complained of herein were done willfully, knowingly, and intentionally;

11. That this Court issue a temporary injunction, on terms the Court may deem appropriate and necessary, prohibiting Ticketmaster from engaging in the practices complained of herein pending trial of this action, and requiring Ticketmaster to make appropriate reports to the Court or its appointed agent or expert regarding its compliance with said injunction, and requiring Ticketmaster to pay all costs associated with said monitoring said injunction;

12. That this Court issue a permanent injunction, on terms the Court may deem appropriate and necessary, prohibiting Ticketmaster from engaging in the practices complained of herein, requiring Ticketmaster to make appropriate reports to the Court or its appointed agent or expert regarding its compliance with said injunction, and requiring Ticketmaster to pay all costs associated with monitoring said injunction;

13. For attorney's fees as provided by statutory and common law;

14. For costs of suit incurred; and

15. For such other legal and equitable relief as the Court may deem just and proper.

Dated: April 11, 2019

AIMAN-SMITH & MARCY
A PROFESSIONAL CORPORATION

Brent A. Robinson
Attorneys for Plaintiffs

## DEMAND FOR JURY TRIAL

**Plaintiff**, on behalf of herself and the Class, hereby demands a jury on all causes of action and claims with respect to which **Plaintiff** and the Class have a right to a jury trial.

Dated: April 11, 2019



_____
Brent A. Robinson
Attorneys for Plaintiffs

**AIMAN-SMITH & MARCY**
PROFESSIONAL CORPORATION

Randall B. Aiman-Smith #124599
Reed W.L. Marcy #191531
Hallie Von Rock #233152
Carey A. James #269270
Brent A. Robinson #289373
7677 Oakport St. Suite 1150
Oakland, CA 94621
T 510.817.2711
F 510.562.6830
ras@asmlawyers.com
rwlm@asmlawyers.com
hvr@asmlawyers.com
caj@asmlawyers.com
bar@asmlawyers.com

Attorneys for Plaintiffs

FILED BY FAX
ALAMEDA COUNTY
April 15, 2019
CLERK OF
THE SUPERIOR COURT
By Milagros Cortez, Deputy
CASE NUMBER:
RG18922688

IN THE SUPERIOR COURT OF CALIFORNIA

IN AND FOR THE COUNTY OF ALAMEDA

| | |
|---|---|
| MAHMOUD AMERI, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>TICKETMASTER LLC, and DOES 1-10, inclusive,<br><br>Defendants. | Case No. RG18922688<br><br>Assigned for All Purposes to:<br>Hon. Brad Seligman<br>Department 23<br><br>**PROOF OF SERVICE**<br><br><br>Complaint Filed: Sept. 28, 2018<br>Trial Date: Not Yet Set |

Proof of Service
*Ameri v. Ticketmaster LLC, et al.*

Case No. RG18922688

## PROOF OF SERVICE

I, the undersigned, hereby declare: I am employed in the County of Alameda, California; I am over eighteen years of age and not a party to the within action. I am either admitted to practice before this Court or employed in the office of an attorney admitted to practice in this Court. My business address is 7677 Oakport, Suite 1150, Oakland, California 94621.

On this date, I certify that the foregoing:

### AMENDED SUMMONS
### FIRST AMENDED CLASS ACTION COMPLAINT

by placing a true copy thereof, enclosed in a sealed envelope, addressed as follows:

| | |
|---|---|
| Daniel M. Wall, Esq.<br>Timothy L. O'Mara, Esq.<br>Christopher B. Campbell, Esq.<br>Latham & Watkins, LLP<br>505 Montgomery Street, Suite 2000<br>San Francisco, California 94111-6538<br>415/391-0600<br>415/395-8095 fax<br>Dan.wall@lw.com<br>Tim.o'mara@lw.com<br>Christopher.compbell@lw.com | Attorneys for Defendant Ticketmaster LLC |

X   [By Mail]   I caused such envelope, with postage fully prepaid, to be placed in the United States mail at Oakland, California.

___   [By E-Mail]   I caused such document to be electronically transmitted via e-mail the addressee(s) listed above.

___   [By Overnight Delivery, UPS Next Day Air, C.C.P. § 1013(c)]   UPS is a provider of overnight delivery services. I placed the above described document(s) in an envelope or package designated for use by UPS and delivered said designated envelope to an authorized Office or drop box of UPS at Oakland, California, with delivery fees for overnight delivery fully prepaid, and addressed to the addressee(s) above.

___   [By Personal Service]   I caused such envelope to be delivered by hand to the above address.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Dated: April 15, 2019

_Norma Dale_
Norma Dale

Proof of Service
*Ameri v. Ticketmaster LLC., et al*                              Case No. RG18922688
Page i